## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DATA MANAGEMENT RESOURCES, LLC, <br><br> Petitioner, <br><br> vs. <br><br> OFFICE OF PUBLIC ACCOUNTABILITY, <br><br> Respondent. <br><br> BUREAU OF INFORMATION TECHNOLOGY, GOVERNMENT OF GUAM, <br><br> Real Party-In-Interest. | SPECIAL PROCEEDINGS <br> CASE NO. SP0162-11 <br><br><br> DECISION AND ORDER |

This matter came before the HONORABLE VERNON P. PEREZ on May 18, 2012. Attorney Jacqueline T. Terlaje represented the Petitioner, Data Management Resources, LLC ("Petitioner"). Attorney Anthony R. Camacho represented the Respondent, Office of Public Accountability ("Respondent"). Attorney General Fred Nishihira represented the Real Part-in-Interest, The Bureau of Information Technology (hereinafter "BIT"). Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

BIT, who is the Real Party-In-Interest in this matter, commenced negotiations with Petitioner after deeming Petitioner to be the best qualified offeror in selecting an email system for the Government of Guam. BIT and Petitioner were in the process of negotiating the price per email user terms when on April 11, 2011 Petitioner received an email from BIT terminating negotiations. The termination of negotiations occurred before a contract was formed.

Petitioner lodged a protest on April 12, 2011. BIT failed to respond within 60 days to the protest and Petitioner filed an appeal to the Public Auditor on June 28, 2011, 60 days from the lodging of the initial protest. BIT filed a response to the initial protest on July 19, 2011. On

August 29, 2011, the Respondent dismissed Petitioner's appeal for being untimely and for lack of subject matter jurisdiction. The Verified Petition for Judicial Review was filed by Petitioner on September 12, 2011.

## DISCUSSION

A writ of review/mandamus may be issued to compel, or review, the performance of an act that the law specially enjoins. 7 GCA § 31202 (2005); *see also* 7 GCA § 31201. The petitioner has the burden of showing that a writ should issue. *People v. Super. Ct. (Bruneman)*, 1998 Guam 24 ¶ 3. A writ may be granted where there is not a plain, speedy, and adequate remedy in the ordinary course of law and it must be issued on the verified petition of a beneficially interested party. 7 GCA § 31203 (2005). A beneficially interested party is a person that has a special interest to be served or some particular right to preserve or protect over and above the interest held in common with the public at large. *Sorenson Television Systems, Inc. v. Super. Ct.*, 2006 Guam 21 ¶ 12. A writ will not be granted where the petitioner has failed to pursue the administrative remedies available to it. *Limitiaco v. Guam Fire Dept.* 2007 Guam 10 ¶ 27. The issuance of a writ is an extraordinary remedy employed in extreme situations. *A.B. Won Pat Guam Int'l Airport Auth. v. Moylan*, 2005 Guam 5 ¶ 10.

This Court finds that Petitioner has an interest not possessed by the public generally and is therefore a beneficially interested party. Moreover, this Court finds that Petitioner has no plain, speedy and adequate remedy in the ordinary course of law because Petitioner exhausted its administrative remedies and has no other actionable remedy to bring. *Id; Limtiaco,* (2007) ¶ 20-21. Having exhausted its administrative remedies by submitting a protest to Respondent, Petitioner has no other actionable remedy to bring and no plain, speedy and adequate remedy in the ordinary course of law. Therefore, Petitioner has met the statutory requirements set forth in 7 GCA § 31203.

Although 7 GCA § 31203 has been satisfied, a writ may be appropriate only where there is a "clear, present and ministerial duty to act." *Holmes v. Territorial Land Use Comm'n,* 1998 Guam 8 ¶ 11. As a general rule, a writ will not issue to review the exercise of discretion in a particular manner. *Id.* ¶ 10. However, "where the exercise of discretion, or the failure to

exercise such discretion is so fraudulent, arbitrary, or palpably unreasonable that it constitutes an abuse of discretion as a matter of law," review/mandamus is appropriate. *Id.* ¶ 12. Therefore, this Court must consider whether Respondent's acts are ministerial or discretionary. If the acts are ministerial mandamus may issue if Petitioner can show that it has a clear legal right to the performance of the act the writ would compel. *Limtiaco,* (2007) Guam 10 ¶ 12. If the acts are discretionary, a writ will not issue unless Respondent abused its discretion as a matter of law. The Court finds that the acts at issue were ministerial due to the statutes that limit the actions of Respondent under 5 GCA Ch. 5 and 2 GAR Div. 4.

In opposition to the Petition for Judicial Review, Respondent argues Petitioner fails because its appeal to the Respondent came before a response by BIT and because Petitioner should have filed a civil case as opposed to a special proceedings case.

Civil Case vs. Special Proceedings Case

Respondent claims that this Court is without jurisdiction in the matter because Petitioner failed to bring the matter as a civil case. Petitioner argues that it seeks judicial review of an agency decision and not any sort of money or other remedies and is thus rightfully before the Court. This Court agrees with Petitioner on this point. The Court has reviewed the Superior Court decisions cited by Respondent, but believes they are distinguishable from this matter.[1] This Court could maintain jurisdiction over this matter if Petitioner is otherwise appropriately before the Court.

Notice Requirement

Petitioner argues that the Respondent failed in waiving the notice requirement. The Court agrees that the Respondent lacks the authority to waive notice requirements imposed on BIT, but, that fact alone is not sufficient for the petition to be granted. The more important question is: did Respondent rightfully deny Petitioner's appeal due to lack of subject matter jurisdiction?

---

[1] The Court also acknowledges that sister Superior Court decisions are great persuasive authority but maintain no control over this Court's ruling on relevant law.

<u>Subject Matter Jurisdiction</u>

Respondent argues that its denial of Petitioner's appeal was based on a lack of subject matter jurisdiction due to Petitioner's procedural failures. Petitioner contends that the only procedure required to appeal to the Respondent was to file a written protest to the aggrieving agency. Respondent further argues that no appeal could have been lodged under the rules without first waiting for a decision from BIT. In response, Petitioner cites to 5 GCA § 5427(f) which provides that if no decision from the aggrieving agency is issued within 60 days an appeal can be made. Finally, Respondent argues that 5 GCA § 5427(f) would only apply where a contract existed, and further contends that there was never a contract.[2]

Petitioner puts forth that 5 GCA § 5004 allows for prospective contracts to be included in the procurement appeals statutes. The Court finds that some solicited contracts are within the guidelines of the statutes controlling procurement appeals, but here the "or" language within the statutes shows that there are specific situations in which some of the procurement statutes apply. *See* 5 GCA §§ 5425(c) and 5427(c). The relevant statutes to this case only apply to situations stemming from completed contracts. The Court disagrees with Petitioner as if there is no contract then there can be no right to appeal, even after 60 days, without a decision by BIT to appeal from. 5 GCA §5427 and 2 GAR Division 4 §9103(d) do not apply unless a contract exists. The Court concludes that a contract would be required if Petitioner desired to circumvent the requirement that a decision be handed out by BIT before an appeal with Respondent could be filed.

Here, no contract could possibly be inferred from the negotiations between the Parties, thus, Petitioner failed to wait for a response from BIT without statutory excuses to do so before appealing to Respondent. Therefore, Respondent acted appropriately under the law in denying the appeal.[3] *See* 5 GCA §§ 5703 and 5425(e). Petitioner had no clear right to performance that

---

[2] Both Parties acknowledge the fact that no contract was formed from the negotiations between them.

[3] A decision under 5 GCA § 5425(c) " may be appealed by the protestant, to the Public Auditor within fifteen (15) days after receipt by the protestant of the notice of decision". Here, there was no notice of decision to appeal from when Petitioner filed the appeal to OPA.

this Court could review. *Limtiaco* at ¶12. This Court will not grant review because Respondent performed appropriately under its legal obligations. Respondent only has subject matter jurisdiction over cases properly brought before it. The Respondent had no subject matter jurisdiction over the appeal at issue here because Petitioner failed to satisfy the procedures set forth in the procurement law statutes.

Promptness

Petitioner finally argues that even if the Court deemed Respondent to find correctly on the untimely appeal issue, the waiver of BIT's lengthy delay in response was wrongful. This was the most difficult issue for the Court to consider as the other issues were fairly easily resolved by looking to the relevant law. This issue was difficult because the Court is being asked to limit procurement agencies of the Government of Guam to 60 days to issue protest decisions due to promptness language in the statutes. *See* 5 GCA §S 5425(c) and 5427(c). The Court considered the fact that the general direction for the Superior Court is to achieve speedy resolution in all matters. Yet, the Court does not feel that it should read language into the statute that does not exist. The Guam Legislature purposefully used promptness language but failed to include a specific day limit in issuance of decisions where no contract existed. Although 60 days seems like a reasonable limit, the Court concludes that it is not the appropriate venue to alter Guam Law.[4] Finally, the Court is not certain that 98 days for BIT to issue a decision is improper under the circumstances of the case.

This Court will not address the merits of Petitioner's claims against BIT because the Court has determined that procedurally Petitioner has failed to appropriately appear before the Court. Petitioner had no clear right to performance to have Respondent hear the Petitioner's appeal.

---

[4] The Government Operations Chapter of the Guam Code Annotated does not explain what penalty would incur to a procurement agency in the event that a decision was not returned promptly. The Court is convinced that due to the lack of language reflecting a penalty or a specific day limit, Title 5 of the Guam Code Annotated does not desire to allow appeals before procurement agencies are given a chance to respond via decision.

*Data Management Resources, LLC, v. Office of Public Accountability,*
Decision and Order
SP0162-11

## CONCLUSION

The Court hereby DENIES Petitioner's Petition for Judicial Review.

So ORDERED this 17th day of September, 2012.

Original Signed By
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

Dated at Hagatna, Guam

SEP 1 7 2012
20

Jacqueline S.C. Terlaje

Deputy Clerk, Superior Court of Guam

*Data Management Resources, LLC, v. Office of Public Accountability,*
Decision and Order
SP0162-11